# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT HAMLIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV413-100 |
| CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security*, | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Robert Hamlin, a 54-year-old illiterate ex-painter, seeks social security disability benefits due to, *inter alia*, mental retardation, shoulder, neck, and back pain, and acid reflux. (Tr. 31, 209, 372.) His claim was denied by an Administrative Law Judge ("ALJ"), and the Appeals Council denied his request for review. (Tr. 12-21 (ALJ's decision); tr. 1-3 (Appeals Council action).) Hamlin then filed a complaint for judicial review in this Court, contending that the ALJ erred in denying benefits. (Doc. 1.) The Court agrees that the ALJ erred and concludes that this case must be remanded.

## I. STANDARD OF REVIEW

Affirmance of the Commissioner's decision is mandatory if her conclusions are supported by substantial evidence and based upon an application of correct legal standards. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted). It "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks and citations omitted). If substantial evidence supports the decision, the Court will affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Id.* at 1158-1159. This Court cannot substitute its judgment for that of the Commissioner. *Barnes v. Sullivan*, 932 F.2d 1356, 1357-1358 (11th Cir. 1991).

The burden of proving disability lies with the claimant. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To determine whether he has met the burden, the Court looks to the five-

step evaluation process set forth in the Social Security Regulations. 20 C.F.R. § 416.920; *Dixon v. Astrue*, 312 F. App'x 227, 227-28 (11th Cir. 2009); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At step one, the claimant must prove that he has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. At step two, he must demonstrate a severe impairment or combination of impairments. *Id.* Then, at step three, if the claimant's impairment meets or equals a listed impairment, he is automatically found disabled. *Id.* If not, he must advance to step four, which requires him to prove an inability to perform past relevant work. *Id.* At that step the ALJ assesses "the claimant's residual functional capacity ('RFC')" and "ability to return to his past relevant work." *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). If he cannot perform past relevant work, stage five shifts the burden to the Commissioner to show that "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Moore*, 478 F. App'x at 624.

3

## II. ANALYSIS

Hamlin contends that the ALJ erred in his step-two determination of plaintiff's severe impairments. (Doc. 10 at 12.) By discounting Hamlin's back problems at that step, the ALJ was able to avoid granting disability benefits at step three under Listing 12.05C. *See* 20 CFR Pt. 404, Subpart P, App'x 1 (listings). Listing 12.05C requires a claimant to show a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* To meet Listing 12.05C, a claimant must show at least mild retardation plus an additional step-two "severe" impairment.[1] 20 CFR Pt. 404, Subpart P,

---

[1] This was made clear in 2000. Prior precedent suggested that the additional "significant work-related limitation of function" be an impairment that was "significant" but less than a "severe impairment" as defined at step two. *Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985). The current regulation explicitly states that the additional impairment must equal a step-two impairment. 20 CFR Pt. 404, Subpart P, App'x. 1 § 1200A. The Federal Register explains the reason for the change as follows:

> We always have intended the phrase ["significant work-related limitation of function"] to mean that the other impairment is a "severe" impairment, as defined in §§ 404.1520(c) and 416.920(c). We have explained this policy previously in our training manuals, in Social Security Ruling 98–1p, and in Social Security Acquiescence Ruling (AR) 98–2(8). Therefore, [] we revised the fourth paragraph of final 12.00A, which explains how we assess the functional limitations of an additional impairment under listing 12.05C. The revised paragraph states that we will assess the degree of functional limitation the additional impairment imposes to determine if it significantly limits an

4

App'x. 1 § 1200A. As Hamlin contends, the ALJ's step-two determination is not supported by substantial evidence of record.

The ALJ found that plaintiff's only severe impairment at step two was "mild mental retardation." (Tr. 14.) He discounted plaintiff's back problems in concluding that Hamlin failed to meet the twelve-month duration requirement, 42 U.S.C. § 423(d)(1)(A), and failed to show sufficient step-two "severity":

> A January 2003 MRI revealed congenital cervical fusion, moderate spondylosis, moderate to severe canal stenosis, and mild to moderate S1 bilateral facet disease (Exhibit 1F/1-3). General practitioner records from 2007 to 2009 show intermittent complaints of cervical spasm (Exhibit 7F), but since the [December 23, 2008] protected filing date, these complaints are so intermittent that they have not met the durational requirement. The claimant's

---

individual's physical or mental ability to do basic work activities; "i.e., is a 'severe' impairment(s), as defined in §§ 404.1520(c) and 416.920(c)."

Sections §§ 404.1520(c) and 416.920(c) note that we must base our assessment of whether an impairment is severe on the limitations that the impairment imposes on the individual's physical and mental abilities to do basic work activities. When we do this, we do not consider factors such as the individual's age, education, or past work experience. Thus, although the other impairment in listing 12.05C may not prevent the individual from doing his or her past work, it may still cause an "additional and significant work-related limitation of function." Conversely, if the other impairment prevents the individual from doing his or her past work because of the unique features of that work, but does not significantly limit the individual's ability to do basic work activities, we will find that the impairment does not satisfy the "additional and significant work-related limitation of function" requirement in listing 12.05C.

65 Fed. Reg. 50746, 50772–73 (Aug. 21, 2000). Accordingly, the second prong in Listing 12.05(C) now requires evidence of an additional severe impairment.

later diagnosis of chronic neck pain is not supported by any findings that would be indicative of functional limitations (Exhibit 14F). The undersigned affords great weight to the opinions of the Disability Determination Services medical consultants who determined that there was insufficient evidence of physical impairments since the protected filing date (Exhibits 5F and 8F).

(Tr. 14.)

After a searching review of the record,[2] there can be no question that plaintiff's back pain has lasted for more than twelve months during the relevant period (though there is no medical evidence supporting its existence at the alleged November 8, 1991 disability onset date). As the ALJ acknowledges, Hamlin's problems were initially imaged in *2003*. (Tr. 326 (MRI of cervical and lumbar spine showing C4-5 congenital fusion, C5-6 and C6-7 right eccentric spondylosis producing moderate to severe spinal canal and right foraminal stenosis, and mild to moderate bilateral faced disease at L4-5 and L5-S1).) Although the ALJ characterizes the disease as "intermittent" in nature, the Commissioner herself concedes that plaintiff visited his doctor every three months from 2007 through 2009 (doc. 13 at 6), and during those visits he was

---

[2] District courts are required to conduct an independent and thorough review of the record as a whole. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

prescribed powerful opioids, Norco and Duragesic,[3] for treatment of his back pain. (Tr. 343-49 (Dr. Register's treatment notes from December 2007 through August 2009, reflecting a visit approximately every three months).) While there were some short gaps, treatment continued in 2010 to 2011. (Tr. 389-93 (Register's treatment notes from 2010-11).) By pointing to an occasional period where plaintiff had not sought treatment, or where the medical records failed to reflect explicit complaints of ongoing back pain, the ALJ seeks to discount *years* of medical records showing spinal deterioration and a physician's ongoing efforts at pain management. The ALJ's suggestion that plaintiff cannot meet the durational requirement is therefore unsupported.

His severity determination is similarly flawed. While the regulations use terms like "severe" and "significant," the step-two severity threshold is not a high one. Step two is "designed to screen out only clearly groundless claims," *Jones v. Astrue*, 2011 WL 1587731 at *7 (S.D. Ga. March 29, 2011), or in the words of the Eleventh Circuit, to

---

[3] Norco is a mixture of hydrocodone and acetaminophen. *See* United States National Library of Medicine, *available at* https://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0010590/ (last visited May 5, 2014). Duragesic is a narcotic applied through a transdermal patch used to relive chronic pain where "around-the-clock pain relief is needed for a long period of time." It should not be used "to relieve mild pain." *Id.*

7

filter out "those applicants whose medical problems could 'not possibly' prevent them from working." *Stratton v. Bowen*, 827 F.2d 1447, 1452 n. 9 (11th Cir. 1987) (quoting *Baeder v. Heckler*, 768 F.2d 547, 551 (3d Cir. 1985)); *see Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account."); 70C Am. Jur. 2d *Social Security and Medicare* § 2006 (2011) (all that must be shown is a *de minimis* impairment or combination of impairments "which are of medical severity sufficient to significantly limit physical or mental ability to do basic work activities"). The step-two analysis is thus described as the "slight abnormality" test, *Bridges v. Bowen*, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*), which "allows only claims based on the most trivial impairments to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (cited by *Cuthbert v. Astrue*, 303 F. App'x 697, 699 (11th Cir. 2008)). The claimant's burden is thus "mild." *McDaniel*, 800 F.2d at 4031.[4]

---

[4] Also, "the application of a threshold severity regulation that is greater than

8

In finding Hamlin's back pain as non-severe, the ALJ attributed "great weight" to the non-examining state Disability Determination Services consultants, who according to the ALJ found "insufficient evidence of physical impairments since the protected filing date." (Tr. 14.) That statement is quite misleading. The consultants were focused on determining whether plaintiff's impairments were disabling, not whether they were "severe" for step-two purposes. (Tr. 326-27 ("There is insufficient [medical evidence of record] in file to make a *disability* determination for claimant's allegations." (emphasis added)); tr. 350.) It is simply not the case that there was a lack of "evidence of physical impairments since the filing date." In fact, there was ample evidence of a physical impairment. MRI tests established that plaintiff has degenerative and congenital spinal disorders. The only consultant to have made any notes on the impairment explicitly stated that plaintiff

---

*de minimis* is invalid under the terms of section 205 *et seq.* of the Social Security Act." *Stratton*, 827 F.2d at 1453. That is because "[a]n overly stringent interpretation of the threshold severity requirement violates the statutory standard for disability by precluding an administrative determination of the crucial statutory question: Whether, in fact, the impairment prevents the claimant from working, given the claimant's age, education and experience." *Id.* Generally, an impairment flunks the "severity" test only when "there are no medical signs or laboratory findings to substantiate" its existence. CAROLYN A. KUBITSCHEK & JON C. DUBIN, SOCIAL SECURITY DISABILITY LAW AND PROCEDURE IN FEDERAL COURT § 3:14 (2013 ed.)

"has some credibility with his allegations of pain in neck, shoulders and joints." (Tr. 327.) What was lacking, according to the consultant, was any finding showing the *degree of functional limitation* caused by the cervical congenital fusion, right eccentric cervical spondylosis, cervical stenosis, and lumbar bilateral facet disease. (*Id.*) Certainly, there is no basis in the record for finding that Hamlin's back impairments were "slight" or "trivial" in nature. *Bridges*, 815 F.2d at 625; *McDaniel*, 800 F.2d at 1031.

The ALJ also noted that Hamlin entered the hearing using a cane and shifted about on his chair. (Tr. 14.) He stated that "neither of these behaviors was considered to be an impairment." (*Id.*) He did not explore the obvious question of whether they were related to or caused by plaintiff's back problems or whether the behavior was credible. Never once did he raise the issue at the hearing. Instead, he catalogued it and brushed it aside as unimportant. The ALJ also rather incongruously found that plaintiff could not return to his previous work as a painter, despite having no impairment other than mild mental retardation -- the same limitation he had had while a painter. If he could work as a painter in the past, had no new "severe" impairments, and was otherwise found

to have "no exertional limitations," then one must be forced to wonder why the ALJ found that Hamlin could not return to his past job. (Tr. 43.)

In a case much like this one, the Ninth Circuit reversed a district judge's affirmance of an ALJ's opinion that found no step-two severe impairment where a claimant reported pain in his ankle, walked with a limp, and an x-ray showed "minor 'arthritic changes.'" *Gardner v. Astrue*, 257 F. App'x 28, 29 (9th Cir. 2007) (noting that the "'step-two inquiry is a de minimis screening device to dispose of groundless claims.'"). Given the low bar for step-two severity and the ALJ's flawed analysis, the Court simply cannot say that his determination was supported by substantial evidence of record. Since the step-two inquiry may result in an award of benefits at step-three, the matter is of sufficient importance that further development is warranted. Accordingly, this case must be remanded to the Commissioner.[5]

---

[5] Hamlin did miss *three* appointments for consultative examinations in 2010, though he offered several excuses. He stated that he had been bitten by a spider prior to the first appointment, a tree limb fell on his brother's car (his brother was driving him in) prior to the second appointment, and his elbow was swollen prior to the third. (Tr. 72.) Based on those absences, the first ALJ to consider this matter denied benefits by concluding that Hamlin was apparently disinterested in pursuing his case. (Tr. 12.) The Appeals Council remanded the case back to the present ALJ

## III. CONCLUSION

Based on the foregoing, the Court should **REVERSE** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and **REMAND** this case for further consideration. *See Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993). The Clerk should be directed to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58.

**SO REPORTED AND RECOMMENDED** this 16th day of May, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

for a hearing. (Tr. 74.) The Court will leave it to the Commissioner's discretion whether to attempt to schedule yet another physical consultative examination.